# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

MORRIS E. WARD,

    Plaintiff,

v.

BULLOCH COUNTY SHERIFF'S OFFICE,

    Defendant.

CIVIL ACTION NO.: 6:15-cv-140

## **O R D E R**

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 while incarcerated at Calhoun State Prison in Morgan, Georgia, contesting actions taken against him by Bulloch County Sheriff's Office deputies. (Doc. 1.) The Court then granted Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 3.) For the reasons which follow, the Court **VACATES** its prior Order granting Plaintiff's Motion to Proceed *In Forma Pauperis*, (doc. 3), and now **DEFERS** that Motion. In addition, the Court **DIRECTS** Plaintiff to submit a non-PLRA *in forma pauperis* affidavit and to amend his Complaint within **fourteen (14) days** of the date of this Order.

## BACKGROUND

In his Complaint, Plaintiff alleges that Bulloch County Sheriff's Office deputies—for no apparent reason—ran him over with a truck. (Doc. 1, p. 5.) Plaintiff further alleges that after running him over, the deputies tackled him, struck him in the back of the neck, and tased him. (Id.) He contends that "someone called the [Emergency Medical Services]" and medical personnel "came and checked [his] ankle and told the officers [Plaintiff's] neck, shoulder, and

back were hurt." However, Plaintiff avers that he never received any medical treatment after one of the deputies informed EMTs that Plaintiff was not hurt. (Id.)

Plaintiff sought to bring this action *in forma pauperis* on December 10, 2015, while incarcerated at Calhoun State Prison. (Doc. 2.) The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis*, pursuant to 28 U.S.C. § 1915, on January 19, 2015, and directed Plaintiff to submit Trust Fund Statement and Consent to Collection forms within thirty (30) days of its Order. (Doc. 3.) Plaintiff was then released from Calhoun State Prison on January 28, 2016. (Doc. 5, p. 2.) On February 4, 2016, Plaintiff informed the Court that he was no longer incarcerated and requested that the Court inform him how to pay his filing fee. (Id.) Because Plaintiff no longer had a prison trust account, he returned the Trust Fund Statement and Consent to Collection forms blank.

## DISCUSSION

### I. Plaintiff's *In Forma Pauperis* Status

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee. However, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, all prisoners, even those who are allowed to proceed *in forma pauperis*, must pay the full filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Prisoner litigants allowed to proceed *in forma pauperis* must pay an initial partial filing fee of twenty percent (20%) of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the complaint. Prison officials are then required to collect the balance of the filing fee by deducting twenty percent (20%) of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). This payment is forwarded to the Clerk of Court "each time the amount in [Plaintiff's] account exceeds $10 until the full filing fees are paid." Id. The entire filing fee must be paid even if this suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

The question, then, is whether Plaintiff must still pay the $350 filing fee required of all prisoners by 28 U.S.C. § 1915—as he filed his Complaint while incarcerated—or whether he may now proceed *in forma pauperis* as a non-prisoner.[1] The Court previously addressed this question in Smalls v. State Bd. or Pardons and Paroles, No. CV414-031, 2014 WL 2003291, at * 3, 4 (S.D. Ga, May 15, 2014.) In that case, United States Magistrate Judge G. R. Smith noted that the PLRA "applies exclusively to prisoners and requires that fees be assessed against an *in forma pauperis* litigant *at the moment* the action or appeal is filed, regardless of whether the action or appeal is later dismissed." Id. at 3 (citing 8 FED. PROC, L.Ed. § 20:393 (Mar. 2014). "The PLRA, however, fails to say what happens when the plaintiff files his case while a prisoner but is released before his prison account, which he obviously will no longer fund, can be tapped." Id. "[W]hether [the PLRA] applies is pivotal because '[t]he process for a non-incarcerated indigent litigant is different: if the court grants a motion to proceed [*in forma pauperis*], the litigant does not have to pay the full amount of the filing fees.'" Id. (citing Carson v. Tulsa Police Dep't., 266 F. App'x 763, 766 (10th Cir. 2008)).

---

[1] Because Plaintiff was released a mere eight days after this Court granted his Motion for Leave to Proceed *In Forma Pauperis* and, therefore, did not return his completed Trust Fund Statement and Consent to Collection forms, this case is unique. Ordinarily, Plaintiff's failure to comply with the Court's Order would merit the dismissal of his Complaint. However, as Plaintiff points out in his Notice of Change of Address, (doc. 5, p. 2), Plaintiff cannot consent to the collection of the filing fee from his prison trust fund because he no longer has a prison trust fund account.

3

In contrast, under the PLRA, "the prisoner must pay the full filing fee, though payments may be stretched out on an installment-payment basis." Id.; Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs[.]") (quotes and cites omitted); Hobbs v. El Paso Cty., No. 07-cv-00434, 2008 WL 2787246, at *3 (D. Colo. July 16, 2008) (IFP "status merely defers, but does not permanently excuse, the payment of filing fees.) (quotes and cite omitted).

"Courts are divided over the whether the PLRA payment obligation travels with the prisoner upon his release." Id. (citing Carson, 266 F. App'x at 766–67); see also 3 Rights of Prisoners § 17:1 n.5 (4th ed. Oct. 2013) (citing Julia Colarusso, Comment, Out of Jail . . . But Still Not Free to Litigate? Using Congressional Intent to Interpret 28 U.S.C. § 1915(b)'s Application to Released Prisoners, 58 Am. U. L. Rev. 1533 (2009) (the circuits are split on the question, with some holding an ex-inmate liable for the balance, while others say to waive the fee). The Eleventh Circuit has not spoken to this issue. However, in Smalls, this Court held that "the PLRA applies and thus requires [released prisoners] to pay the $350 fee to the extent [they] would have been liable for it up to the date of [their] release," reasoning that "if inmates released after filing their case remain subject to PLRA's 'physical injury' requirement, Harris v. Garner, 216 F.3d 970, 973–76 (11th Cir. 2000) (en banc), then they rightly should remain subject to PLRA's payment requirement."[2]

"Normally, then, the Court would compute plaintiff's accrued PLRA debt and direct him to submit a new financial affidavit showing what payments he can make, and also to show

---

[2] Harris cited Fifth and Seventh Circuit cases applying PLRA's fee requirement to prisoners released while their civil cases were still pending. Harris v. Garner, 216 F.3d 970, 975–76 (11th Cir. 2000); see also Rogers v. Kerns, No. 1:10-CV-10, 2010 WL 376824 at * 1 (N.D. Fla. Jan.25, 2010) ("Fees are not refundable, regardless of dismissal of the action. [The obligation to pay the full amount of the filing fee continues even if Plaintiff is released from prison.]") (brackets original).

whether he qualifies for non-inmate *in forma pauperis* status for the balance of his fee. Smalls, 2014 WL 2003291, at *4 (citing Perrey v. Donahue, 2007 WL 1058232, at * 1 (N.D. Ind. Apr.4, 2007)) (plaintiff allowed to proceed without making further payments on the filing fee after he filed another petition to proceed IFP as a nonprisoner). "The Court would then craft a payment-plan directive." Id. However, as was the case in Smalls, "given the short incarceration period involved, the PLRA-debt amount at most would be *de minimis* and thus not worth the judicial resources to collect it." Id. Accordingly, the Court **DIRECTS** Plaintiff to tender a new, non-PLRA *In Forma Pauperis* affidavit and show why the Court should waive the $350 fee outright, a requirement imposed upon all non-inmate litigants seeking leave to proceed *in forma pauperis*. The Court thus **VACATES** its prior Order granting Plaintiff leave to proceed *in forma pauperis* and **DEFERS** that ruling until Plaintiff has submitted the aforementioned affidavit.

## II. Whether Plaintiff's Claim May Proceed

As noted above, under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court must abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent

standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which may require the dismissal of certain claims and/or named Defendants.

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. While local governments qualify as "persons" under Section 1983, state agencies, penal institutions, and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit. See Grech v. Clayton Cty., 335 F.3d 1326, 1343 (11th Cir. 2003). The issue of whether a government entity is capable of being sued is "determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); accord Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006). Under Georgia law, only three classes of legal entities are capable of being named in a lawsuit: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Lawal, 196 F. App'x at 768 (citing Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500 (Ga. 1988)). "A sheriff's office does not fall into any of the categories and therefore is not capable of being sued." Chronister v. Butts Cty., No. 5:15-CV-150, 2016 WL 1735860, at *3

(M.D. Ga. May 2, 2016) (citing Ashley v. Chafin, No. 7:07-cv-177, 2009 WL 3074732, at *3 (M.D. Ga. Sept. 23, 2009)).

In this case, Plaintiff has not named any persons who participated in the alleged violation of his rights. Instead, Plaintiff named only the Bulloch County Sheriff's Office as a defendant. As discussed above, this entity is not capable of being sued. Accordingly, Plaintiff's Complaint in its current form fails to state a claim upon which relief may be granted. Thus, the Complaint is due to be dismissed. However, the Court will provide Plaintiff the opportunity to amend his Complaint and, thus, also defers ruling on his *in forma pauperis* motion on that basis.

## CONCLUSION

For the above stated reasons, the Court **VACATES** its January 19, 2016 Order granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, (doc. 3), and **DEFERS** that Motion. Plaintiff is **DIRECTED** to provide a non-PLRA *in forma pauperis* affidavit within **fourteen (14) days** of the date of this Order. The Clerk shall include a non-prisoner IFP form when serving plaintiff with his copy of this Order. Plaintiff is further **DIRECTED** to amend his Complaint to specify which Defendant (or Defendants) violated his constitutional rights within **fourteen (14) days** of the date of this Order. Should Plaintiff fail to abide by these directives, the Court will dismiss this case for failure to prosecute and failure to follow a Court order.

**SO ORDERED**, this 15th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA